United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff and Respondent,                    No. CR 08-481 PJH

    v.                                          **ORDER TO SHOW CAUSE**

PETER RAYMOND JUNEAU,

    Defendant and Movant.

_____/

        Movant Peter Juneau is currently serving a sentence imposed by this court. On July 23, 2008, Juneau was charged with six counts of bank robbery under 18 U.S.C. § 2113(a). On August 6, 2008, Juneau pled guilty pursuant to a plea agreement on all six counts. The court subsequently sentenced Juneau to sixty-three months on all counts to run concurrently, three years supervised release, and restitution in the amount of $36,469.00.

        On June 30, 2010, Juneau filed a petition for relief pursuant to writ of coram nobus under 28 U.S.C. § 1651(a). However, because Juneau is still in custody, he is not entitled to seek a writ of coram nobus but instead must seek relief via a motion to vacate his sentence under 28 U.S.C. § 2255. *United States v. Matus-Leva*, 287 F.3d 758, 761 (9th Cir. 2002). The court therefore construes Juneau's petition as § 2255 petition.[1]

        In his petition, Juneau suggests that his plea was involuntary because he was under

---

[1] Juneau claims that he is not appealing his sentence or seeking collateral relief. However, that is exactly what he is doing.

duress and impaired by his drug addiction at the time he entered into the agreement. Juneau also challenges the restitution ordered by the court, contending that it was based on a mistake of fact and that he does not actually have the ability to pay.

Under § 2255:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence. Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

**CONCLUSION**

For the foregoing reasons:

1. The clerk shall serve a copy of this order and the petition and all attachments thereto upon respondents. The clerk shall also serve a copy of this order on the movant.

2. Respondents shall file with the court and serve on the movant, within 30 days of the date of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2255 Proceedings, showing cause why the court should not " vacate, set aside or correct the sentence" being served by the movant.

3. If the movant wishes to respond to the answer, he shall do so by filing a reply with the court and serving it on respondent within 30 days of his receipt of the answer.

**IT IS SO ORDERED.**

Dated: July 20, 2010

_____
PHYLLIS J. HAMILTON
United States District Judge

2